The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
This matter, which involves the admittedly compensable 7 November 1990 back injury that has been subject of multiple prior Industrial Commission awards of temporary-total, temporary-partial and permanent-partial disability benefits, was heard by the deputy on 22 March 1993 in Charlotte upon the issue of whether plaintiff is entitled to further medical treatment for the same back injury and the depression she allegedly suffers therefrom. Prior to the initial hearing the parties entered into a Pre-Trial Agreement, which is hereby incorporated by reference as if fully set out herein and where they agreed to certain jurisdictional and other factual stipulations, including the attached medical records. Since the initial hearing the parties have agreed to stipulate more recent medical records from the Family Practice Clinic and have also submitted brief Statements of Contentions; the same stands ready for appropriate final disposition.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an obese 49 year old female who suffers from a number of medical problems wholly unrelated to the 7 November 1990 permanent back injury giving rise hereto and they not only include ones with both knees, bilateral foot or ankle spurs, hypothyroidism and congenital syphilis among others, but the depression and associated anxiety that similarly contributes to her multiple physical complaints.
Plaintiff first developed depression and associated anxiety approximately a year prior to the same injury requiring her to be treated with medication, which was the result of social stresses at home including one of her sons being in Saudi Arabia, her other son recently getting out of prison and having been unable to find a job and her own multiple financial difficulties and in 1992 she experienced another episode of depression and anxiety requiring treatment because of similar social stresses, which on that occasion included the death of her sister and father and loss of her home. There is no credible evidence that as a result of her 7 November 1990 back injury plaintiff has sustained depression and associated anxiety requiring medical treatment.
2. Plaintiff sustained the same injury lifting heavy boxes and was primarily treated by Dr. Grady Price of Charlotte Orthopedic Specialists, who provided a conservative course of treatment, including medication, restricted activity, physical therapy, aggressive rehabilitation, work hardening and lumbar facet blocks.
3. Although because of its lifting requirements plaintiff's permanent back injury prevented her from returning to her regular job for defendant-employer; on 21 June 1991 plaintiff was able to obtain suitable alternate employment when she began working for Sears on a part-time basis as a salesperson in the premises hardware department resulting in the Industrial Commission's last award of temporary partial disability benefits; however, by the early part of 1992 she began working for on a full-time basis and despite her permanent back injury was doing well there until 4 March 1992.
4. On the last mentioned date as part of her duly assigned ordinary employment duties in the hardware department plaintiff was assisting the premises manager in moving a treadmill when she experienced an acute onset of low back pain and thereby a specific traumatic incident resulting in another disabling back injury.
5. On the following day plaintiff returned to Dr. Price for the resulting acute lumbar muscular strain sustained assisting in moving the treadmill, which was the first time she had seen Dr. Price specifically for back problems since 26 February 1991 and he provided medication (Equagesic), did not anticipate any permanent disability from the same injury, allowed plaintiff to attempt to continue working and recommend that she return on an as needed basis.
6. Plaintiff continued working for Sears until late March when she stopped because of her multiple physical complaints. On 1 April 1992 after she ceased her full-time employment at Sears plaintiff began working as a part-time housekeeper for Payless Drain and Sewer Service and also continued to do some part-time cooking demonstrations for Sears.
7. As a result of her continuing complaints of back and foot pain plaintiff returned to Dr. Price on 2 June 1992 and he did not recommend any further treatment because he had tried all the modalities he could think of, including, but not limited to, aggressive rehabilitation, work hardening and lumbar facet blocks among others, but did recommend an independent medical evaluation.
8. Based on the same recommendation defendant-employer arranged for plaintiff to be evaluated by Dr. William R. Griffin of Mecklenburg Orthopedic Associates and because of her multiple complaints of having discomfort in both heels, both knees, both hips, her low back area, her jaw and wrist he recommended she undergo a functional capacity evaluation and continue under the care of Dr. Price, who does not recommend any further medical treatment for her back problems. Thereafter, plaintiff underwent the same functional capacity evaluation, where she did not give her maximal effort and tended to magnify her symptoms, but nonetheless remains capable of light duty work despite her multiple complaints.
9. Although plaintiff asks that defendant-employer be required to provide medical treatment for the involved back injury and depression that she allegedly suffers therefrom; in the first place the depression and associated anxiety she suffers is not a result of the same back injury; but rather, is due to the unrelated social stresses described in the above Findings of Fact and in the second place is not in need of further medical treatment for her back injury because all the available modalities have been attempted and there is no credible evidence of any continuing need of medical treatment for her 7 November 1990 back injury — much less than the worsened physical complaints that caused plaintiff to seek further medical treatment from Dr. Price on 5 March 1991 were the result of the involved back injury and in fact the credible evidence is that the same complaints were the result of the independent, intervening back injury sustained assisting the manager to move a treadmill at Sears the day before. There is further no credible evidence that plaintiff has sustained an increase in her resulting permanent-partial disability from the involved 7 November 1990 back injury or has otherwise sustained a substantial change for the worse in her condition by again becoming wholly or partially incapacitated by her back injury.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
There is no credible evidence that plaintiff currently requires any medical treatment for the permanent back injury sustained on 7 November 1990 or that the depression and associated anxiety she also suffers requiring medical treatment was a result of the same back injury, which it is not; but rather, is due to the unrelated social stresses described in the above Findings of Fact.
There is further no credible evidence that plaintiff has sustained a substantial change for the worse in her condition as result of her back injury gibing rise hereto since the Industrial Commission's last award herein entitling her to further compensation benefits.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Any claim that plaintiff has for additional compensation and/or medical benefits must be and is hereby DENIED.
2. Each side shall bear its own costs.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________ COY M. VANCE COMMISSIONER